[No. 27079. Department Two. August 16, 1938.]

TACOMA TITLE COMPANY, *Appellant,* v. O. F. LARSON
*et al., Respondents.*[1]

*Hayden, Metzger & Blair,* for appellant.

*Reuben C. Carlson,* for respondents.

ROBINSON, J.—In this cause, the trial court sustained a demurrer to the complaint. Plaintiff refused to further plead, and a judgment of dismissal, with prejudice, was entered.

The only question presented by this appeal is whether or not the demurrer was properly sustained. The complaint, omitting non-essentials, reads as follows:

"That all the times hereinafter mentioned, the defendant, O. F. Larson, was the record owner of certain shares of common stock in the plaintiff corporation, which stock was the property of the community composed of O. F. Larson and Hanna Larson, husband and

[1]Reported in 82 P. (2d) 130.

wife. That for a period of years prior to April 8, 1936, the board of directors or trustees of Tacoma Title Company consisted of Almin L. Swanson, H. A. Miller and Edgar Anderson, each of said persons being a stockholder of plaintiff corporation, and said persons, together with the defendant O. F. Larson, owning all of the common stock of plaintiff corporation. That each of the aforesaid directors was, during said period of time, an officer of plaintiff corporation and received compensation for his services rendered to said corporation. That prior to April 8, 1936, defendant O. F. Larson charged that said officers and directors had paid to themselves and received from the plaintiff corporation large, excessive, unreasonable and unauthorized sums under the guise of salaries and threatened to institute legal proceedings to recover such amounts.

"That on or about April 8, 1936, said controversy was compromised and settled and said agreement of settlement was in part reduced to writing, a counterpart of which writing is in the possession of the defendants. As a part of the consideration for the compromise and settlement of said controversy, said Almin L. Swanson transferred to the defendants a promissory note of Tacoma Title Company for the principal sum of $5,147.95 of which said promissory note said Almin L. Swanson was then the owner and holder and said H. A. Miller and Edgar Anderson, transferred to the defendants three hundred forty-two shares of the common capital stock of plaintiff. That defendants ever since have been and are now the owners and holders of said promissory note and the record owners of said stock and plaintiff is informed and believes and therefore alleges that the certificates evidencing said stock ever since have been and are now in the possession of the defendants.

"That during all of the times when said excessive and unauthorized sums were paid by said Almin L. Swanson, H. A. Miller and Edgar Anderson, as the directors of plaintiff corporation to themselves, as officers of said corporation, and until after the time of the compromise and settlement of the aforesaid controversy, the capital of Tacoma Title Company was and ever since has been impaired. That the aforesaid

promissory note and stock were obtained by the defendants for and on behalf of the plaintiff and ever since have been and now are held by said defendants for the use and benefit of the plaintiff, and defendants are liable to account to the plaintiff for said property. That plaintiff has made demand upon the defendants for the delivery thereof but the defendants have wholly failed and refused to deliver said property or to account for the value thereof.

"That certain payments have been made to the defendants upon the aforesaid promissory note, which payments should be accounted for to the plaintiff by said defendants, with interest thereon from the date of the receipt of said payments until the time of such accounting.

"WHEREFORE, plaintiff prays that the order and judgment of court be made and entered herein ordering and directing the defendants to account to the plaintiff for the aforesaid promissory note and stock and for any and all payments received upon said promissory note, together with interest thereon, from the date of the receipt thereof, and in the event of the inability of the defendants to deliver said property to plaintiff, that plaintiff have judgment against said defendants for the fair and reasonable value thereof and that plaintiff have judgment for its necessary costs and disbursements herein expended and for such other, further and different relief as the court may deem just and equitable in the premises."

From the appellant's brief and the oral argument made before this court on its behalf, it appears that it relies upon a series of propositions which may be stated as follows: (1) Money or property wrongfully abstracted from a corporation by its officers belongs to the corporation itself; (2) if a stockholder recovers a judgment in a suit brought in his own name to recover assets so abstracted, that judgment would be the property of the corporation; (3) the proceeds of a settlement of such an action without trial would belong to the corporation; and it should also follow (4) that, if

the stockholder brings no suit at all, but simply recovers the property as a result of making a claim against the persons who received it, he should be decreed to hold the property so recovered for the benefit of the corporation.

At the bottom of each of propositions 2, 3, and 4 there must be the same foundation, that is, that the property was in the first instance *wrongfully* abstracted from the corporation. The complaint goes no further than to allege that the defendant Larson "charged that said officers and directors had paid to themselves and received from the plaintiff corporation large, excessive, unreasonable and unauthorized sums under the guise of salaries . . . " This might all be true and yet it would not entitle the plaintiff to a recovery. The complaint is wholly destitute of an allegation that the property which Larson received from the directors was wrongfully taken from the plaintiff corporation. Such an allegation is indispensable, for unless the property was wrongfully taken from the corporation, it clearly has no present interest in it. We hold, therefore, that the defendants' demurrer was rightly sustained.

The respondents assert other grounds and reasons in support of the court's ruling on the demurrer, but whether or not they are meritorious it is unnecessary to determine, since the reasons already given are sufficient to sustain the ruling of the trial court.

The judgment appealed from is affirmed.

STEINERT, C. J., MILLARD, and BEALS, JJ., concur.

BLAKE, J., concurs in the result.